1  Robert Ahdoot, SBN 172098
   rahdoot@ahdootwolfson.com
2  Tina Wolfson, SBN 174806
   twolfson@ahdootwolfson.com
3  **AHDOOT & WOLFSON, PC**
4  1016 Palm Avenue
   West Hollywood, California 90069
5  Tel: (310) 474-9111; Fax: (310) 474-8585

6  John A. Yanchunis (*Pro Hac Vice* application to be filed)
7  jyanchunis@forthepeople.com
   Tamra Givens (*Pro Hac Vice* application to be filed)
8  tgivens@forthepeople.com
   **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
9  201 North Franklin Street, 7th Floor
   Tampa, Florida 33602
10 Tel: (813) 223-5505; Fax: (813) 223-5402

11 Counsel for Plaintiff,
   SAMANTHA KIRBY
12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16 SAMANTHA KIRBY, individually and on behalf       Case No. _____
   of all others similarly situated,
17                                                  CLASS ACTION COMPLAINT FOR:

18                                    Plaintiff,
                                                    1.  Violation of the California Consumers Legal
19                                                      Remedies Act, Cal. Civ. Code § 1750, *et seq.*;
                                                    2.  Violations of the California Unfair
20              v.                                      Competition Law, Cal. Bus. & Prof. Code §
                                                        17200, *et seq.*;
21                                                  3.  Violations of the California Automatic
   MCAFEE, INC., a Delaware corporation                 Renewal Law, Cal. Bus. & Prof. Code §§
22 headquartered in California,                          17600 - 17604;
                                                    4.  Common Law Money Had and Received; and
23                                                  5.  Unjust Enrichment
                                      Defendant.
24

25                                                  <u>JURY TRIAL DEMANDED</u>

26

27

28

───────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

Plaintiff Samantha Kirby ("Plaintiff"), by and through her counsel, bring this Class Action Complaint on behalf of herself and all others similarly situated against Defendant McAfee, Inc. ("McAfee" or "Defendant"), and alleges, as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this class action on behalf of three consumer Classes to stop Defendant McAfee's unlawful and unfair practices related to auto-renewing consumers' subscription to its antivirus software.  Defendant auto-renews consumer subscriptions without consumers' affirmative consent.  Additionally, Defendant often charges prices upon auto-renewal that are higher than those originally charged, and higher than those available to first time subscribers, without clear and conspicuous notice to the consumers.  Furthermore, unbeknownst to consumers, in cases where consumers cancel their credit/debit cards or their credit/debut cards expire, McAfee is able to obtain new credit/debit card information from the credit/debit card companies and continue to charge auto-renewal fees without consumers' consent.

2.      Plaintiff brings this class action on behalf of the following classes of purchasers: (A) all persons in the United States who purchased McAfee's antivirus software protection and were subsequently charged for the renewal of this product, or, alternatively, all California residents who purchased McAfee Inc.'s antivirus software protection and were subsequently charged for the renewal of this product without first obtaining Plaintiff's and the Class's affirmative consent to the agreement containing the automatic renewal offer as required by the California Automatic Renewal Law (California Business & Professions Code §§ l7600 - 17604); (B) all persons in the United States whom McAfee charged a higher fee for the auto renewal of McAfee's antivirus software protection than it initially charged at the time of purchase; and (C) all persons in the United States who never provided current credit/debit card information to McAfee, but were subsequently charged by McAfee for the renewal of McAfee's antivirus software protection.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

4.      The Court has personal jurisdiction over Defendant because Defendant is authorized to and conducts substantial business in California, generally, and in this District specifically. Defendant has marketed, promoted and distributed its antivirus software protection from this District, and Defendant's policies and practices were made and acted upon within this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District as Defendant's policies and practices were made and acted upon within this District.

6.      Intra-district Assignment: Pursuant to Civil Local Rules 3-2(c), a substantial part of the events or omissions giving rise to this action occurred in Santa Clara County; therefore, it is appropriate to assign the action to the San Jose Division.

7.      To the extent there is any contractual or other impediment to pursuit of these claims on a class action basis, Plaintiff specifically alleges, and will prove, if necessary, that any bar to class action proceedings is unconscionable, unfair, against public policy, and unenforceable.

**PARTIES**

8.      Plaintiff Samantha Kirby resides in Los Angeles County, California.  Plaintiff purchased McAfee's antivirus software protection for a price of $59.99 on May 10, 2010.  In April 2011, McAfee renewed Plaintiff's subscription without her affirmative consent, and without clear and conspicuous notice, for $79.99.  From the date of her subscription in April 2011, Defendant continued to auto-renew Plaintiff's subscription at the price of $79.99.  Plaintiff received notice in early 2014 that her debit card information had expired and, therefore, Defendant was unable to auto renew the charges.  Although Plaintiff at no time updated her debit card information with McAfee, to her amazement, Defendant later provided notice that it had auto-renewed her subscription by charging her new debit card information.

9.      Defendant McAfee, Inc., a Delaware corporation with its principal office in Santa Clara, California, is a manufacturer and worldwide supplier of computer programs and hardware that relates to network security, antivirus, and network management products.

CLASS ACTION COMPLAINT

**FACTUAL BACKGROUND**

10.     After Plaintiff purchased McAfee's antivirus software protection on May 10, 2010, McAfee placed her account in McAfee's Auto Renewal Program for its antivirus software protection without her knowledge or consent.  McAfee imported Plaintiff's debit card banking information into the Auto Renewal Program page.  Later, Plaintiff discovered that Defendant McAfee would not allow her to delete this information unless she provided new credit/debit card information.

11.     On April 11, 2011, when Plaintiff resided in California, she was charged $79.99 for the renewal of McAfee's antivirus software protection for one year without her affirmative consent. This was an increase in the price from what she had paid originally for McAfee's product, and at no time did Plaintiff agree to this price increase or to have her subscription auto renewed.  At no time prior to April 11, 2010 renewal did Plaintiff provide affirmative consent to renew McAfee's software protection for another year, especially at a $20.00 higher price, or give her affirmative consent to an "agreement containing the automatic renewal offer terms" at a price of $79.99 for McAfee's product.

12.     Subsequently, on April 11, 2012 and again on April 11, 2013, Plaintiff was charged — without her affirmative consent — $79.99 for the renewal of McAfee's antivirus software protection.  At no time prior to these renewals did Plaintiff provide affirmative consent to renew McAfee's software protection for another year or give her affirmative consent to an "agreement containing the automatic renewal offer terms" at a price of $79.99 for McAfee's product.

13.     In early 2014, Plaintiff received a notice from McAfee that her debit card information had expired and, therefore, Defendant was unable to auto renew her antivirus software protection.  At no time did Plaintiff update her debit card information with McAfee.  To Plaintiff's amazement, McAfee later provided notice to her that it had auto renewed her account for its antivirus software protection with her new debit card information, which she had never provided to McAfee.

14.     On information and belief, McAfee automatically enrolls all of its customers in its auto renewal program with purchase of McAfee antivirus software.  Purchasers are not given the option to decide if they want an automatically renewing subscription for the software they are purchasing.  Indeed, according to McAfee's website, "All paid subscription services are automatically enrolled in the McAfee Auto Renewal program."

4

1  (http://service.mcafee.com/FAQDocument.aspx?id=CS40083&) (last visited May 28, 2014).

2       15.      Additionally, McAfee imports the credit card/debit information of Plaintiff and Class

3  Members into the McAfee Auto Renewal Program for its antivirus software protection without

4  receiving Plaintiff and Class Members' consent to do so.

5       16.      Furthermore, McAfee deceptively and unfairly obtains, without the permission of

6  Plaintiff and the Class, Plaintiff's and the Class' credit/debit card information from third party

7  companies, and then uses this credit/debit card information to update Plaintiff's and the Class'

8  information in its Auto Renewal Program account.  McAfee then charges Plaintiff's and the Class'

9  credit cards/debit cards in renewing Plaintiff's and the Class' antivirus software protection, without

10  ever receiving consent from Plaintiff or the Class: (1) to use this confidential credit/debit card

11  information; and (2) to renew their subscription to McAfee's antivirus software protection.

12       17.      In McAfee's response to its customers on how McAfee is able to update credit/debit

13  card information without getting this confidential information from its customers, McAfee admits to

14  the deceptive and unfair business practice of obtaining customers' new credit and debit card

15  information without consent and charging auto renewal fees on the new cards without customers'

16  consent:

17
18          McAfee's only intention is to provide uninterrupted protection to not just your
            computer but also to all of your important information or files because without this
19          feature, your computer will be left unprotected as soon as your license expires.

20          Also, I would like to inform you that McAfee works with credit card companies and
            other financial institutions to ensure that customers' credit card information remain up
21          to date so that their security will also be up to date and customers will continue to be
            protected.

22          **If a customer is enrolled in McAfee's automatic renewal program, their credit
            card may be charged even if it has expired.  McAfee is enrolled in account**
23          **updater services from Visa and MasterCard which provides McAfee with**
            **updated credit card information**.  This is not information that McAfee seeks out,
24          this is information that is provided as a service by Visa and MasterCard.

25          The customer's credit card information will only be updated if a customer maintains
            an account with the same financial institution that issued the previous card on file.
26
            You may always get in touch with your financial institution to verify this information.
27          You may check this link: Visa Account Updater Service,
            http://usa.visa.com/merchants/new_acceptance/abp_updater.html
28

CLASS ACTION COMPLAINT

(https://community.mcafee.com/thread/62539) (last visited May 28, 2014) (emphasis added).

18.     At no time did Plaintiff provide updated credit/debit card information to McAfee, and at no time did Plaintiff or the Class authorize third party companies to provide updated credit/debit card information to McAfee, and at no time did Plaintiff or Class authorize McAfee to receive updated credit/debit card information from third-party companies.

**California Automatic Renewal Law, California Business & Professions Code §§ 17600-17606**

19.     On December 1, 2010, §§ l7600 - 17606 of Article 9, of Chapter 1 of Part 3, of Division 7 of the California Business & Professions Code came into effect.  The stated intent of the Legislature of this Article was to end the practice of charging of consumers' payment methods **without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service**.  Cal. Bus. & Prof. Code § 17600 (emphasis added).

20.     Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner "**before the subscription or purchasing agreement is fulfilled and in visual proximity**";

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service **without first obtaining the consumer's affirmative consent** to the agreement containing the automatic renewal offer terms or continuous service offer terms;

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

*Id.* (emphases added).

21.     Cal. Bus. & Prof. Code § 17601(a) defines the term "automatic renewal" as a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term.

22.     Cal. Bus. & Prof. Code § 17601(b) defines the term "automatic renewal offer terms"

CLASS ACTION COMPLAINT

as the following clear and conspicuous disclosures:

(1) That the subscription or purchasing agreement will continue until the consumer cancels;

(2) The description of the cancellation policy that applies to the offer;

(3) **The recurring charges that will be charged to the consumer's credit or debit card** or payment account with a third party as part of the automatic renewal plan or arrangement, **and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known**;

(4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer;

(5) The minimum purchase obligation, if any."

*Id.* (emphases added).

23.    Pursuant to § 17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

24.    Section 17603 of the Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, **without first obtaining the consumer's affirmative consent** as described in § 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business." *Id.* (emphasis added).

**Defendant Does Not Provide Clear and Conspicuous Disclosures for Its Auto Renewal Program as Required by Cal. Bus. & Prof. Code § 17602(a)(1)**

25.    Defendant failed to inform Plaintiff and the Class in clear and conspicuous language, *i.e.*, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks,

7

CLASS ACTION COMPLAINT

in a manner that clearly calls attention to the language" that:

(1) The purchasing agreement will continue until the consumer cancels;

(2) Adequately describes the cancellation policy that applies to the offer; and/or

(3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge will change from the original purchase price to the renewal price of $79.99.

**Defendant Fails to Obtain Affirmative Consent to the Agreement Containing the Automatic Renewal Offer Terms**

26.     Plaintiff and the Class were automatically enrolled in the McAfee Auto Renewal Program for Defendant's antivirus software protection without their "affirmative consent," within the meaning of Cal. Bus. & Prof. Code §17602(a)(1).

27.     Plaintiff and the Class did not affirmatively consent, sign up, or check a box to be included in McAfee Auto Renewal Program.  Instead, Defendant imported the credit/debit card information of Plaintiff and the Class into the McAfee Auto Renewal Program without their consent. Defendant as well does not allow Plaintiff and the Class to delete this credit/debit card information without providing other credit/debit card information.

28.     Plaintiff and the Class did not give their affirmative consent to an "agreement containing the automatic renewal offer terms or continuous service offer terms," with a price term of $79.99 for the renewal of McAfee's antivirus software protection for one year.

29.     Accordingly, Plaintiff and the Class did not give their affirmative consent, within the meaning of Cal. Bus. & Prof. Code §17602(a)(1), to an agreement containing "the automatic renewal offer terms," with the necessary clear and conspicuous disclosures of terms, such as price terms.

30.     Despite never receiving an affirmative consent from Plaintiff and the Class, and without Plaintiff and the Class authorizing such charges, Defendant charged Plaintiff and the Class for the renewal of McAfee's antivirus software protection.

31.     Accordingly, Defendant charged Plaintiff and the Class "without first obtaining Plaintiff's and the Class' affirmative consent" to the agreement containing "the automatic renewal

CLASS ACTION COMPLAINT

offer terms or continuous service offer terms," with the necessary clear and conspicuous disclosures of terms, such as price terms.

32.     Furthermore, by obtaining new debit card and credit card information for those customers whose cards expired or replaced, Defendant charged Plaintiff and the Class "without first obtaining Plaintiff's  and the Class' affirmative consent" to the agreement containing "the automatic renewal offer terms or continuous service offer terms," with the necessary clear and conspicuous disclosures of terms.

33.     As a result of the above, and in addition to violating other laws, as described below, Defendant violated Cal. Bus. & Prof. Code § 17602(a)(2), and as such, all goods, wares, merchandise, or products, sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and the Class may use or dispose of the same in any manner they see fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, "or responsibility for, shipping any goods, wares, merchandise, or products to the business."

## CLASS ACTION ALLEGATIONS

34.     Plaintiff seeks relief in her individual capacity and seeks to represent a class consisting of all others who are similarly situated.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

> (A) All persons in the United States who purchased McAfee Inc.'s antivirus software protection and were subsequently charged for the renewal of this product or, alternatively, all California residents who purchased McAfee Inc.'s antivirus software protection and were subsequently charged for the renewal of this product without first obtaining Plaintiff's and the Class's affirmative consent to the agreement containing the automatic renewal offer as required by the

9

California Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600 - 17604;

(B) All persons in the United States who were subsequently charged a higher fee by McAfee Inc. for the auto renewal of McAfee Inc.'s antivirus software protection than they were initially charged when they purchased the antivirus software from McAfee Inc.; and/or

(C) All persons in the United States who never provided current credit card information to McAfee Inc.'s, but were subsequently charged by McAfee Inc. for the renewal of McAfee Inc.'s antivirus software protection.

35. Excluded from the Class and Subclass are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

36. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after they have had an opportunity to conduct discovery.

37. **Numerosity**. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as defined are so numerous and so diversely located throughout the United States, that joinder of all the members of the Class is impracticable. Class Members are dispersed throughout the United States. Joinder of all members of the proposed class is, therefore, not practicable.

38. **Commonality**. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without

10

limitation:

a.     For the California Automatic Renewal Law Subclass, whether Defendant charged Plaintiff and Class Members' terms in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

b.     For the California Automatic Renewal Law Subclass, whether Defendant charged Plaintiff and Class Members' terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2);

c.     For the California Automatic Renewal Law Subclass, whether Defendant's Agreement contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601;

d.     For the California Automatic Renewal Law Subclass, whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity in violation of Cal. Bus. & Prof. Code § l7602(a)(1);

e.     For the California Automatic Renewal Law Subclass, whether Cal. Bus. & Prof. Code § 17603 provides for restitution for money paid by Class Members in circumstances where the goods and services provided by Defendant are deemed an unconditional gift;

f.     Whether Defendant violated the CLRA, Cal. Civ. Code § 1750, *et seq*.;

g.     Whether Defendant violated Cal. Civ. Code § 1770(a)(14), by representing that it had rights and remedies that it did not have, specifically that it had the right to charge Plaintiff and the Class without first obtaining Plaintiff and Class Members' affirmative consent for the auto renewal of McAfee's product, and through other conduct described herein;

h.     Whether Defendant violated Cal. Civ. Code § 1770(a)(4) by using deceptive representations in connection with goods or services by not informing Plaintiff and the Class that it was going to auto renew Plaintiff and the Class for its product without first receiving affirmative consent from Plaintiff and the Class to do so;

i.     Whether Defendant violated Cal. Civ. Code § 1770(a)(4) by using deceptive representations in connection with goods or services by not informing Plaintiff and the Class about the price increase for McAfee's antivirus software protection upon auto renewal and then subsequently charging them this higher price;

j.      Whether Defendant violated the UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*;

k.      Whether Plaintiff and Class Members are entitled to restitution under Cal. Bus. & Prof. Code. §§ 17200-17203;

l.      Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief under Cal. Bus. & Prof. Code. § 17204;

m.      Whether Plaintiff and Class Members are entitled to injunctive relief, attorneys fees' and costs under Cal. Civ. Code § 1780; and

n.      The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

39.      **Typicality**.  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all Class Members were exposed and subject to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

40.      **Adequacy of Representation**.  Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff's Counsel are competent and experienced in litigating class actions.

41.      **Superiority of Class Action**.  Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all the members of the Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

42.      **Injunctive and Declaratory Relief**.  Fed. R. Civ. P. 23(b)(2).  Defendant's practices as described here are uniform as to all members of the Class.  Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### (Violation of Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*)

43.      Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

44.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), because Defendant's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

45.     Plaintiff and each member of the Class are consumers as defined by Cal. Civ. Code § 1761(d).

46.     Cal. Civ. Code § 1770(a)(14) specifically prohibits representations that a transaction confers or involves rights, remedies, or obligations that it does not have or involve or that are prohibited by law.

47.     Defendant has violated the Cal. Civ. Code § 1770(a)(14), by representing that it had rights and remedies that it did not have, specifically that it had the right to charge Plaintiff and the Class without first obtaining Plaintiff and Class Members' affirmative consent for the auto renewal of McAfee's product, and through other conduct described herein.

48.     Defendant also violated the CLRA in at least the following respects:

      a.     in violation of  § 1770(a)(4), Defendant used deceptive representations  in connection with goods or services by not informing Plaintiff and the Class that it was going to auto renew Plaintiff and the Class for its product without first receiving affirmative consent from Plaintiff and the Class to do so;

      b.     in violation of  § 1770(a)(4), Defendant used deceptive representations in connection with goods or services by not informing Plaintiff and the Class about the price increase for McAfee's antivirus software protection upon auto renewal and then subsequently charging them this higher price;

      c.     in violation of  § 1770(a)(5), McAfee's antivirus software protection did not have "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities" in that McAfee's antivirus software had a higher price in auto renewal than previously represented;

      d.     in violation of § 1770(a)(9), Defendant advertised goods or services with intent not to sell them as advertised by advertising McAfee's antivirus software protection as having one price by email and/or website to Plaintiff and the

Class, and then charging a higher price through its auto renewal program;

    e.    in violation of § 1770(a)(14), Defendant represented that it had rights and remedies that it did not have, specifically that it had the right to access consumers' confidential credit or debit card information in order to update and charge the auto renew fees to their accounts;

    f.    in violation of § 1770(a)(16), in auto renewal, Defendant did not supply McAfee's antivirus software protection at the price originally represented; and

    g.    for other such violations of the CLRA that discovery will uncover.

49.    On or about May 29, 2014, Plaintiff notified Defendant in writing, by certified mail, of the violations alleged herein and demanded that Defendant remedy those violations.

50.    If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of receipt of Plaintiff's written notice pursuant to § 1782 of the CLRA, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages pursuant to the CLRA.  Plaintiff and the Class also will seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution, disgorgement, statutory damages, and any other relief that the Court deems proper.

51.    Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally and knowingly provides misleading information to the public and charges consumers without their consent.

52.    Pursuant to Cal. Civ. Code §§ 1780 and 1781, Plaintiff and Class Members hereby request certification of Plaintiff's Class, injunctive relief, and attorneys' fees, costs, and expenses.

**SECOND CAUSE OF ACTION**

**(Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.)**

53.    Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

54.    Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Cal. Bus. & Prof. § 17204

allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

55.     Beginning at an exact date unknown to Plaintiff, but at least since December l, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, *inter alia*, by violating Cal. Bus. & Prof. Code § 17602(a)(l) and/or for the unlawful, unfair, or fraudulent business acts or practices described more fully herein.

56.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of monies paid to Defendant McAfee by Plaintiff and Class Members for the auto renewal of McAfee's antivirus software protection.

57.     Plaintiff and Class are entitled to restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17208 for all monies paid by Class Members for the auto renewal of McAfee's antivirus software protection, as described more fully herein, from December 1, 2010 to the date of such restitution, at rates specified by law.  Defendant should also be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, whom they were unlawfully taken, as Defendant never received the affirmative consent from Plaintiff and the Class for the auto renewal of McAfee's antivirus software protection.

58.     Pursuant to Cal. Bus. & Prof. Code § 17204, Plaintiff seeks an order of this Court enjoining Defendant, from continuing the auto renewal practices described herein as these practices constitute violations of the UCL.  The general public will be irreparably harmed if such an order is not granted.

### THIRD CAUSE OF ACTION

### (Violation of California Auto Renew Law, Cal. Bus. & Prof. Code §§ 17600 - 17606)

59.     Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

60.     Cal. Bus. & Prof. Code §§ 17600-17606 provides:

"(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms."

*Id.*

61.     Defendant charged, and continues to charge, Plaintiff and Class Members for the automatic renewal of Defendant's product without first obtaining Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms, with the necessary clear and conspicuous disclosures of terms, such as price terms.

62.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(1)-(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603 in the amount equaling the total amounts charged to all Class Members for auto-renewed services.

**FOURTH CAUSE OF ACTION**

**(Money Had and Received)**

63.     Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

64.     Defendant received money from Plaintiff and the Class.

65.     The monies belong to Plaintiff and Class Members.

66.     Defendant has not returned the money.

16

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

67.     Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

68.     Defendant was unjustly enriched by auto renewing and charging Plaintiff and the Class for McAfee's antivirus software protection without previously receiving Plaintiff's and Class Members' affirmative consent to do so.

69.     Additionally, Defendant was unjustly enriched by subsequently charging Plaintiff and the Class for McAfee's antivirus software protection at a higher amount, sometimes roughly double the originally charged amount for McAfee's product.

70.     By unknowingly paying unauthorized charges to Defendant, Plaintiff and the Class conferred a benefit on Defendant, which Defendant knowingly accepted despite the fact that they were not entitled to such benefit.  Such acts were, and are, unconscionable.

71.     As a result of Defendant's actions constituting unjust enrichment, Plaintiff and the Class suffered actual damages for which Defendant is liable.  Defendant's liability for those damages should be measured by the extent of its unjust enrichment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter judgment in their favor and against Defendant, as follows:

A.     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.     Ordering Defendant to pay actual damages (and no less than the statutory minimum damages) and equitable monetary relief to Plaintiff and the other members of the Class;

C.     Declaring that Defendant violated Cal Bus. & Prof. Code § l7602(a)(1)-(2) by charging Plaintiff and Class Members without first obtaining their affirmative consent to the Agreement containing the automatic renewal offer term or continuous service offer terms;

D.      Declaring that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code. § 17602;

E.      Ordering Defendant to pay Plaintiff and Class Members full restitution in the amount of the payments made to and/or obtained by Defendant McAfee pursuant to Cal. Bus. & Prof. Code § l7603, in an amount to be proved at trial;

F.      Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and Class Members;

G.      Ordering Defendant to pay statutory damages, as allowable by the statutes asserted herein, to Plaintiff and Class Members;

H.      Ordering Defendant to pay restitution to Plaintiff and to Class Members as a resultof Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§17200-17205 in the amount of the renewal subscription payments;

I.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective recall campaign;

J.      Ordering Defendant to pay attorneys' fees and litigation costs and expenses;

K.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

L.      Ordering such other and further relief as may be just and proper.

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of his claims to the extent authorized by law.

Dated: May 29, 2014                              **AHDOOT & WOLFSON, PC**

By: _____
                                                 Robert Ahdoot
                                                 Tina Wolfson
                                                 1016 Palm Avenue
                                                 West Hollywood, California 90069
                                                 Tel: (310) 474-9111
                                                 Fax: (310) 474-8585

                                                 John A. Yanchunis (*Pro Hac Vice* application to be filed)
                                                 Tamra Givens (*Pro Hac Vice* application to be filed)
                                                 **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
                                                 201 North Franklin Street, 7th Floor
                                                 Tampa, Florida 33602
                                                 Tel: (813) 223-5505
                                                 Fax: (813) 223-5402

                                                 Counsel for Plaintiff,
                                                 Samantha Kirby

**AFFIDAVIT OF ROBERT AHDOOT**

I, Robert Ahdoot, declare as follows:

1.     I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff Samantha Kirby ("Plaintiff") in this action.  I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code section 1780(d).  I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.     Based on my research and personal knowledge, Defendant McAfee, Inc. ("Defendant") does business and has its principal place of business within the County of Santa Clara, as alleged in the Class Action Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California this 29th day of May, 2014 in West Hollywood, California that the foregoing is true and correct.

_____
Robert Ahdoot

20
CLASS ACTION COMPLAINT