UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>Defendant. | Case No. 5:14-cv-00158-EJD<br><br>**ORDER:**<br><br>**GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS**<br><br>Re: Dkt. Nos. 98, 99 |
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCAFEE, INC.,<br><br>Defendant. | Case No. 5:14-cv-02475-EJD<br><br>Re: Dkt. Nos. 69, 70 |

Plaintiffs bring claims on behalf of two classes of McAfee customers: (1) those who were allegedly overcharged for automatic renewal of McAfee software (the "Auto-Renewal Class") and (2) those who purchased software where McAfee advertised a "reference price" (a crossed-out price shown alongside a discounted purchase price) that was allegedly false (the "Reference Price Class"). Dkt. No. 42.[1] This Court granted preliminary approval of the proposed settlement. Dkt.

---

[1] Docket citations refer to Williamson v. McAfee, Case No. 14-cv-158. Another case—Kirby v. McAfee, Case No. 14-cv-2475—was formally related to Williamson and assigned to this Court on May 29, 2015.

1

Case No.: 5:14-cv-00158-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND
FOR SERVICE AWARDS

No. 96. Plaintiffs and class counsel now move for final approval and for attorneys' fees, costs, and service awards. Dkt. Nos. 98 and 99.

## I. CLASS SETTLEMENT

Under the settlement, each member of the Auto-Renewal Class receives a "value certificate" for $11.50 that can only be used to purchase McAfee or Intel Security products. Dkt. No. 98 at 7–9. $11.50 is roughly half of the alleged overcharge. Id. Class members had the option to receive $11.50 in cash instead of a certificate if they submitted a form by December 23, 2016. Id. Ultimately, 263,261 class members opted for cash, totaling $3,027,501.50. Dkt. No. 111 at 7.

McAfee also agrees to change its practices regarding pricing and disclosure of auto-renewal terms. Dkt. No. 98 at 7–8. Members of the Reference Price Class receive no monetary benefit. Dkt. No. 98 at 8. This is because Plaintiffs sought injunctive relief, but not monetary relief, for the reference price claims. Dkt. No. 42 ¶¶ 150, 160.

Courts apply heightened scrutiny to "coupon settlements." 28 U.S.C. § 1712; In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015). But this is not a coupon settlement, since class members had the option to receive cash instead of value certificates, even though they received certificates by default. Id. at 952 ("the claimants in this case had the option of obtaining cash instead of a gift card, undercutting the argument that the settlement forces them to buy from the defendant"); CLRB Hanson Indus., LLC v. Weiss & Assocs., PC, 465 F. App'x 617, 619 (9th Cir. 2012) ("The settlement gives every class member the option to receive its share of the settlement proceeds in cash. . . . This is not a 'coupon settlement' and therefore does not trigger the Class Action Fairness Act of 2005's limitations on contingent fees awarded in connection with such settlements.").

Upon review of the settlement terms, the arguments of the parties and class counsel, and objections from class members, the Court finds that the settlement is "fair, adequate, and reasonable" and should be approved. Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 576 (9th Cir. 2004).

## II. ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Class counsel seek $2,321,225.92 in attorneys' fees, $78,774.08 in costs, and $1,250 in service awards for each of the named plaintiffs. Dkt. No. 99 at 7–8, 17. Courts in the Ninth Circuit may use either or both of two methods to evaluate requests for attorneys' fees: the percentage-of-the-fund method and the lodestar method. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998).

Under the percentage-of-the-fund method, courts evaluate attorneys' fees as a percentage of the total settlement fund. Id. The guideline is 25%, which courts may adjust depending the circumstances of the case. Id.; Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048–49 (9th Cir. 2002). In this case, the monetary value of the certificates is uncertain. If the certificates are valued at zero, the requested attorneys' fees amount to more than three quarters of the settlement fund: ($2.32m in attorneys' fees) / ($3.03m in cash elections) = 76.6%. However, if the certificates are valued at 10% of their face value, or $1.50, then the attorneys' fees are about 26.8% of the settlement fund, which meets the fairness guidelines: ($2.32m in attorneys' fees) / (7.53m class members $\times$ $11.50 $\times$ 0.10) = 26.8%. $1.50 is a cautious estimate: the certificates are likely worth more to many class members; and if not, the class members were free to choose cash instead. The Court finds the requested fees to be reasonable under the percentage-of-the-fund method.

Under the lodestar method, the lodestar is the number of hours spent on the case multiplied by a reasonable hourly rate—so, if one attorney bills 1,000 hours at $100/hour, the lodestar is $100,000. Hanlon, 150 F.3d at 1029. The lodestar "may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." Id. Here, class counsel present a lodestar of $1,601,805.85, based on 2,612.95 hours billed. Dkt. No. 99 at 12–13. Counsel ask the Court to multiply the lodestar by roughly 1.449, amounting to a total fee award of $2,321,225.92. Based on counsel's billing records and the circumstances of this case, the Court finds the requested fees to be reasonable under the lodestar

3
Case No.: 5:14-cv-00158-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SERVICE AWARDS

method. See Vizcaino, 290 F.3d at 1051 (applying a lodestar multiplier of 3.65 and noting that the majority of cases apply a multiplier between 1.0 and 3.0)

Lastly, the Court finds it appropriate to grant class counsel's requests for $78,774.08 in costs and $1,250 in service awards to each named plaintiff.

## III. CONCLUSION

The Court orders as follows:

1. Plaintiffs' and class counsel's motion for final approval of class settlement is GRANTED.

2. Plaintiffs' and class counsel's motion for attorneys' fees, costs, and service awards is GRANTED.

**IT IS SO ORDERED.**

Dated: February 3, 2017

EDWARD J. DAVILA
United States District Judge